UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAMILTON SELECT INSURANCE, INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 24-2577 |
| | * | |
| GAYLE HEARD, ET AL. | * | SECTION L(5) |

**<u>ORDER & REASONS</u>**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendants Gayle Heard, Jamie White, and Forest Martin (collectively, the "Putative Class Defendants").[1] R. Doc. 21-1. The Plaintiff Hamilton Select Insurance, Inc. ("Hamilton") opposes the motion. R. Doc. 29. After considering the record, briefing, and applicable law, the Court now rules as follows.

### I.    BACKGROUND

This case arises out of a legal malpractice insurance dispute as to whether Hamilton has a duty to cover, defend, and indemnify Krause and Kinsman Trial Lawyers, LLC ("Krause and Kinsman") in a state court proceeding.

### A.  The Underlying State Court Lawsuit

On August 29, 2024, the Putative Class Defendants filed a lawsuit seeking class action certification in Louisiana state court against the Krause and Kinsman law firm for breach of contract and legal malpractice. R. Doc. 1 at 3. They allege each putative member owned property harmed by various hurricanes that impacted Southeast Louisiana from 2020-2021, and that they

---

[1] The Court notes that the Putative Class Defendants have seemingly committed an error in requesting a dismissal of Hamilton's declaratory action under Rule 12(b)(3). They fail to provide support or make any argument whatsoever as to why venue is improper. Accordingly, the Court will not consider this Motion to Dismiss on the basis of Rule 12(b)(3).

each had their own hurricane claim against their respective insurers for property damage. *Id.* The Putative Class Defendants claim that they each signed a contract wherein the law firms of McClenny, Mosely, and Associates ("MMA") and Krause and Kinsman agreed to jointly represent them in connection with these hurricane insurance disputes. *Id.* However, in April of 2023, MMA and its attorneys were disbarred in Louisiana for committing substantial procedural errors that caused the Putative Class Defendants' claims to be dismissed, unfiled, and/or prejudiced. R. Doc. 1-3 at 5. The Putative Class Defendants contend that Krause and Kinsman are also to blame for the unwarranted dismissal of their claims because the firm did not provide any legal work despite agreeing to jointly represent them alongside MMA, and because they failed to correct MMA's errors. R. Doc. 1 at 4. As such, the Putative Class Defendants request damages in the amount that each class member can prove they would have received from their insurance providers but for Krause and Kinsman's actions and/or inaction as well as statutory penalties. R. Doc. 1-3 at 8. As of the date of this Order, Krause and Kinsman has not yet answered the lawsuit but filed a Peremptory Exception of Nonjoinder and Motion to Stay asking the state court to stay the suit in light of claims pending in a bankruptcy proceeding against MMA. R. Doc. 29 at 3.

**B. Hamilton's Lawsuit Before This Court**

Hamilton Select Insurance, Inc. issued legal malpractice insurance to Krause and Kinsman for a coverage period of June 4, 2024 to June 4, 2025. R. Doc. 1 at 2. On October 30, 2024, Hamilton filed the present lawsuit in this Court against the Putative Class Defendants and Krause and Kinsman for a declaratory judgment pursuant to 28 U.S.C. §§ 2021-2022 and Federal Rule of Civil Procedure 57. *Id.* It seeks a judicial determination declaring that Hamilton "has no duty to provide coverage, and no duty to defend or indemnify Krause and Kinsman, under the Policy with respect to the claims asserted against it in the underlying state court litigation." *Id.* More

2

specifically, it argues that certain Policy provisions preclude malpractice claims both related to MMA and on the basis of contractual liability alone. *Id.* On January 2, 2025, Krause and Kinsman filed its answer and a third-party complaint against both its agent and broker Assured Partners Northeast, LLC ("Assured") and its producer Synergy Professional Associates, Inc. ("Synergy") for breach of contract and negligence in the event Hamilton's Policy provides no coverage. R. Doc. 23.

## II.    PRESENT MOTION

The Putative Class Defendants presently move for this Court to dismiss Hamilton's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). R. Doc. 21-1. They argue that in light of the *Brillhart* abstention doctrine, this Court should decline to entertain jurisdiction over Hamilton's declaratory judgment action because there is already a pending Louisiana state court lawsuit in which any insurance coverage disputes may be litigated. *Id.* Hamilton opposes the motion. R. Doc. 29. It argues that *Brillhart* abstention is not warranted in this case because the Louisiana lawsuit does not involve the same parties or issues, and the Fifth Circuit's *Trejo* factors weigh in favor of maintaining this action in federal court. *Id.*

## III.    APPLICABLE LAW

### A.  Rule 12(b)(1) Motion to Dismiss

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), it is the plaintiff's burden to demonstrate that jurisdiction exists. *See Howry v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Williamson v. Tucker*, 645 F.2d 404, 413

(5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When considering a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). If the existence of subject-matter jurisdiction is challenged in fact, irrespective of the pleadings, the court may consider "matters outside the pleadings, such as testimony and affidavits[.]" *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Cell Sci. Sys. Corp. v. La Health Serv.*, 804 F. App'x. 260, 263 (5th Cir. 2020).

### B.  Declaratory Judgment Act

The Declaratory Judgment Act ("DJA") provides that "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . ." 28 U.S.C. § 2201(a). As the Fifth Circuit has explained, "the purpose of the Declaratory Judgment Act is to settle actual controversies before they ripen into violations of law or breach of some contractual duty." *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 926 (5th Cir. 2023) (cleaned up). Federal district courts enjoy "unique and substantial discretion whether to declare the rights of litigants," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), and this discretion is fitting "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at 289. "In the declaratory judgment context, the normal principle that federal courts

should adjudicate claims within their jurisdiction yields to considerations of practicality and wise

judicial administration." *Id.* at 288.

IV.    ANALYSIS

In this case, Hamilton seeks a judgment declaring that they are not required to provide

coverage, defend, or indemnify Krause and Kinsman in the underlying state court proceedings. It

is well-settled that federal district courts are not required to hear such suits. *See, e.g.*, *Wilton*, 515

U.S. at 282. Rather, it is within a federal district court's discretion "whether and when to entertain

a [declaratory judgment action], even when the suit otherwise satisfies subject matter jurisdiction

prerequisites." *Id.* Although this discretion "is broad, it is not unfettered." *Travelers Ins. Co. v.

Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 778 (5th Cir. 1993). "The [C]ourt may not

dismiss a request for declaratory judgment relief on the basis of 'whim or personal

disinclination.'" *Id.* (quoting *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 28-29 (5th Cir.

1989) (internal citations omitted)). In deciding if dismissal of a declaratory judgment action is

warranted, a district court must engage in a three-step inquiry to determine: "(1) whether the

declaratory judgment action is justiciable; (2) whether the court has the authority to grant

declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the

action." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix

Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). Here, neither party has disputed

that there is a justiciable controversy and that the Court has authority to decide this declaratory

action. Therefore, the Court will focus its analysis only on whether to dismiss this case in its

discretion with a particular emphasis on the applicability of the Supreme Court's *Brillhart*

abstention doctrine.

### A. The *Brillhart* Abstention Doctrine and the Fifth Circuit's *Trejo* Factors

The Supreme Court in *Brillhart* held that a federal district court entertaining a declaratory action "should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in state court." 316 U.S. at 495. Consistent with the Supreme Court's directive, the Fifth Circuit in *St. Paul Insurance Co. v. Trejo* identified the following seven non-exclusive factors to consider for this analysis:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
> (3)  whether the plaintiff engaged in forum shopping in bringing the suit,
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
> (5) whether the federal court is a convenient forum for the parties and witnesses,
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy,
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d 585, 590-91 (5th Cir. 1994). "These factors reflect the Court's interest in the proper allocation of decision-making between state and federal courts, fairness, and efficiency." *N. Am. Specialty Ins. Co. v. Greg G. Gordon, Inc.*, No. CV 07-4051, 2008 WL 11515523, at *2 (E.D. La. Nov. 5, 2008) (citing *Sherwin-Williams*, 343 F.3d at 390-91). Balancing the *Trejo* factors on the present facts, the Court will not dismiss Hamilton's declaratory action on the basis of *Brillhart* abstention.

**B. The *Trejo* Factors Weigh in Favor of Maintaining This Declaratory Action in Federal Court.**

**i.    Pending Parallel State Court Action**

Regarding the first *Trejo* factor, the Putative Class Defendants argue that Hamilton could easily litigate any insurance coverage issues in their Louisiana state court suit. But just because a plaintiff has the ability to bring its declaratory action in state court is not outcome determinative. *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372-74 (5th Cir. 1998) (overturning district court's justification for abstention on the basis of plaintiff's ability to in the state court suit or file a separate declaratory action in state court). Rather, the Fifth Circuit jurisprudence requires an additional showing that the federal declaratory action and the state court action are "parallel cases." *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). In defining what exactly constitutes parallel, "the Fifth Circuit has emphasized the importance of the parties to the federal action also being parties to the pending state court proceeding, and of the state court proceeding presenting an opportunity for ventilation of the issues raised in the federal action." *McDermott Inc. v. Indus. Risk Insurers*, No. CIV. A. 03-402, 2003 WL 21362330, at *3 (E.D. La. June 10, 2003); *Exxon Corp. v. St. Paul Fire and Marine Ins. Co.,* 129 F.3d 781, 785 (5th Cir. 1997) (for federal court to consider the propriety of a stay pending disposition of a state court action, the federal and state court actions must involve the same parties and issues); *Nautilus Ins. Co. v. Curtis Indus. Painting Co., Inc.,* No. CIV. A. 98-339, 1998 WL 199372 (E.D. La. Apr. 23, 1998) (finding the federal and state court actions were not parallel because insurer was not a party to the state court suit and the issues of coverage and policy interpretation raised by insurer would not be litigated in state court unless insurer were named as a defendant in state court or filed a state court declaratory judgment action).

Here, Hamilton's declaratory action and the underlying state lawsuit are not sufficiently similar to be considered parallel cases for two reasons. First, Hamilton and the third-party Defendants Assured and Synergy, to the Court's knowledge, are not parties to the lawsuit in state court. Without the presence of these parties in the state court proceeding, there is simply no guarantee that the state court will adjudicate the insurance coverage dispute raised in Hamilton's declaratory action. While the Putative Class Defendants contend they can amend their state court petition to add Hamilton and the other defendants in the declaratory action as parties, the Court finds this argument unpersuasive. The prerequisites for abstention should be present before, rather than after, the Court's decision to abstain. *McDermott*, 2003 WL 21362330, at *3. Further, the Court is concerned whether the Putative Class Defendants could even maintain an action directly against Hamilton solely in its capacity as an insurer in light of the recent amendments to the Louisiana Direct Action Statute, La. R.S. 22:1269. *See Smith v. Fortenberry*, No. CV 24-1647, 2024 WL 4462332, at *1 (E.D. La. Oct. 10, 2024) (explaining how the current iteration of the Louisiana Direct Action Statute substantially limit a plaintiff's right to bring an action directly against an insurer).

Second, the issues to be addressed in Hamilton's declaratory action are distinct from those raised in the underlying state court suit. Whether Hamilton is required under the terms of the legal malpractice policy to provide coverage and a corresponding duty to defend and indemnify Krause and Kinsman has no bearing on whether the firm is indeed liable for the damages sustained by the Putative Class Defendants. *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006) (finding that whether an insurance policy covers wrongful death claim filed in state court presented a separate and distinct issue); *see also Agora*, 149 F.3d at 372-74 ("Moreover, a state court decision on the issues of [defendant's liability] would have no direct bearing on the insurance

8

company's duty to defend and the scope of policy coverage."). Accordingly, the Court concludes that the first *Trejo* factor weighs heavily in favor of retaining jurisdiction over Hamilton's declaratory action.

### ii.    Order of Filing

The second *Trejo* factor asks if the plaintiff filed the declaratory action in anticipation of a lawsuit. "[A]nticipatory suits are disfavored because they are an aspect of forum shopping." *Nat'l Union Fire Ins. Co. v. Tangipahoa Parish Sch. Bd.*, No. 96-3022, *2 (E.D. La. Dec. 11, 1996) (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)). Here, the Putative Class Defendants filed their state court suit in August of 2024, and since then, there has been no indication that Hamilton or any of the other third-party Defendants would be added as parties to the suit. As such, it cannot be said that Hamilton filed its declaratory action in "anticipation" of any other suit or activity in the underlying state court proceeding. Furthermore, Hamilton's lawsuit is the first to be filed and remains the only suit involving coverage issues related to the legal malpractice policy issued to Krause and Kinsman. Thus, the Court finds that this factor weighs in favor of maintenance of Hamilton's declaratory action.

### iii.    Forum Shopping

The third *Trejo* factor asks whether the plaintiff engaged in forum shopping when bringing the declaratory judgment action in federal court. The Putative Class Defendants contend that forum shopping is present in this case because Hamilton is attempting to bring all of the allegations made in state court into this Court. However, the Court finds there is no evidence to support this claim. The subject matter of Hamilton's complaint is limited to the insurance coverage dispute with Krause and Kinsman and does not implicate any issues of liability concerning the Putative Class Defendants. This factor also weighs in favor of retaining jurisdiction.

### iv.    Possible Inequities

The fourth *Trejo* factor asks whether inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums. The Putative Class Defendants failed to identify, and the Court cannot deduce, any inequities that would persist as a result of maintaining Hamilton's declaratory action. In the present lawsuit, Hamilton is the plaintiff and "has the right to choose the forum in which its claims will be determined." *Nat'l Union*, 1996 WL 715521, at *3. This factor weighs in favor of allowing the case to proceed before this Court.

### v.    Convenience of Federal Forum

The fifth *Trejo* factor concerns whether the federal court is a convenient forum for the parties and witnesses. The Court finds this factor to be neutral given both this Court and the state court in the underlying lawsuit are located in Orleans Parish.

### vi.    Judicial Economy

The sixth *Trejo* factor asks whether consolidation of the declaratory action and the state court suit is preferable in the interest of "wise judicial administration." While the Court recognizes that concurrently deciding claims arising out of a similar factual scenario typically would yield some judicial economy, that is not so in the present case. As Hamilton points out, Krause and Kinsman are seeking a bankruptcy stay of the underlying state court proceedings and have not yet answered the suit which brings uncertainty as to how quickly the state court suit will proceed, if at all. Moreover, the Fifth Circuit has explicitly held that the determination of a party's liability in a state court suit is not a prerequisite to deciding any connected insurance coverage disputes brought in federal court. *Exxon*, 129 F.3d at 785. Accordingly, the Court finds this factor weighs in favor of retaining jurisdiction.

### vii.    Construction of State Court Decrees

The seventh *Trejo* factor asks whether the federal court will be called upon to construe a state judicial decree. The Court finds this factor to be inapplicable on the present facts. Although this Court may have to reference the state court decision in the event it is issued first, it will not be called upon to interpret or construe the decree in order to conclusively decide the present insurance coverage dispute.

### viii.    The Court's Overall Determination

Accordingly, the Court concludes that the Putative Class Defendants' stated reasons are insufficient to warrant dismissal pursuant to the *Brillhart* abstention doctrine. The state and federal cases are not truly parallel, and the remaining applicable *Trejo* factors support maintenance of Hamilton's declaratory action before this Court.

### V.    CONCLUSION

Considering the foregoing;

**IT IS HEREBY ORDERED** that the Putative Class Defendants' 12(b)(1) Motion to Dismiss, R. Doc. 21, is **DENIED** with prejudice.

New Orleans, Louisiana, this 14th day of February, 2025.

_____
United States District Judge